IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS DEES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-09-300-M |
| | ) |
| BRIAN HALL, Trust Fund Sup., | ) |
| | ) |
| Defendant. | ) |

## Report and Recommendation

When the action began, the Plaintiff was housed at the Federal Transfer Center. The Court granted pauper status because of Mr. Dees' incarceration, his inability to work outside of the prison, and an encumbrance on part of his funds. Mr. Dees' pauper status should be revoked.

During the pendency of the action, authorities transferred the Plaintiff to a halfway house and the Court attempted to monitor his continued eligibility for pauper status.[1] These efforts have consisted of: (1) an order for Mr. Dees to supplement information about his financial condition; and (2) an order setting a telephone conference with Mr. Dees on September 1, 2009, at 1:30 p.m., to discuss the additional financial information to be produced.

---

[1] *See United States v. Mallon*, 345 F.3d 943, 949 (7th Cir. 2003) ("Halfway houses are, as the name suggests, facilities that hold their charges in custody part of the time (usually nights and weekends) while releasing them during working hours, so they can begin employment . . . .").

Mr. Dees has not complied with the order to furnish additional financial information, and his deadline expired over two weeks ago. And, the Court was unable to conduct the required telephone conference with Mr. Dees because he has apparently obtained release from the halfway house without notifying the Court of his new address.[2] In light of the failure to comply with the order, the Court should revoke pauper status and order the Plaintiff to pay the remainder of the $350.00 filing fee[3] within twenty days.[4]

"Leave to proceed without prepayment of fees and costs is a privilege, not a right."[5] Thus, when circumstances change, a court must determine whether the plaintiff retains eligibility for pauper status.[6]

When the action began, the Plaintiff was unable to pay the entire filing fee because he was incarcerated, unable to work outside of the prison, and subject to an encumbrance on

---

[2]   The Plaintiff presumably did not receive the order because it was sent to his old address. But the Clerk's mailing sufficed because the halfway house in Hutchins, Texas was Mr. Dees' last known address. *See* LCvR 5.4(a).

[3]   *See* 28 U.S.C. § 1914(a).

[4]   *See* LCvR 3.3(e).

[5]   *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (citations omitted).

[6]   *See Treff v. Galetka*, 74 F.3d at 197 ("when a litigant's financial condition improves during the course of the litigation, the district court may require him or her to pay fees and costs" (citations omitted)); *see also Young v. Knight*, 113 F.3d 1248, 1997 WL 297692, Westlaw op. at 1 (10th Cir. June 5, 1997) (unpublished op.) ("waiver of the initial partial filing fee . . . does not relieve plaintiff of his obligation to pay the partial fee at such time as his resources permit"); *accord Prade v. Jackson & Kelly*, 941 F. Supp. 596, 597 n.1 (N.D. W.Va. 1996) (stating that the court can dismiss the proceeding or require payment of the filing fee if the plaintiff obtains pauper status and his economic status improves during the pendency of the action), *aff'd*, 135 F.3d 770 (4th Cir. Feb. 24, 1998) (unpublished op.).

part of his funds. He is apparently no longer incarcerated or otherwise impeded in his ability to obtain employment or access his existing funds.

Even when the Plaintiff was in prison, he had $3335.81 in his prison account.[7] At the time, there was an encumbrance on part of these monies,[8] but he still had an available balance of $278.31.[9] And, the Court has no information about whether Mr. Dees was able to recoup the remainder of his funds - $3057.50 - upon his apparent release from the halfway house.

The Court has a continuing duty to ensure the Plaintiff's eligibility for pauper status.[10] However, the Court has been unable to fulfill this duty because Mr. Dees has disobeyed the order to supplement information about his financial condition.

With violation of the order, the Plaintiff has continued to enjoy pauper status without oversight. And the existing information creates substantial reason to believe that Mr. Dees can now pay the remainder of the $350.00 filing fee. In these circumstances, the Court should revoke pauper status and order Mr. Dees to pay the remainder of the filing fee within twenty days.[11]

---

[7]     Motion for Leave to Proceed *in Forma Pauperis*, Attachment at p. 3 (Mar. 20, 2009).

[8]     The Court lacks any information about the nature or purpose of this encumbrance.

[9]     Motion for Leave to Proceed *in Forma Pauperis*, Attachment at p. 3 (Mar. 20, 2009).

[10]    *See supra* p. 2.

[11]    *See* LCvR 3.3(e).

The Plaintiff may object to this report and recommendation by September 29, 2009.[12] To do so, the Plaintiff must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma.[13] If the Plaintiff fails to timely object, he would waive his right to appellate review over the suggested ruling.[14]

This report and recommendation terminates the referral. If the Plaintiff pays the remainder of the filing fee within twenty days of the district judge's order, the undersigned would suggest a new referral for further proceedings.

Entered this 9th day of September, 2009.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[12] *See* LCvR 72.1.

[13] *See* 28 U.S.C. § 636(b)(1).

[14] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).